# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **LISA DONALDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18CV1145 HEA** |
| | ) | |
| **ANDREW M. SAUL,[1]** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court for judicial review of the final decision of the

defendant Commissioner of Social Security denying the application of plaintiff for

disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. For

the reasons set forth below, the final decision of the Commissioner is reversed, and

this matter is remanded to the Commissioner for further review in accordance with

this Opinion.

## Background

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

Plaintiff was 53 years old at the time of her alleged disability onset. She filed her application on June 5, 2015, alleging a January 1, 2015 onset date, and alleging disability due to facet-joint, chronic and radicular pain, bone spurs, and back impairments including degenerative disc disease, scoliosis, and spinal stenosis. Plaintiff's application was denied, and she requested a hearing before an Administrative Law Judge (ALJ).

On May 23, 2017, a hearing was held. Following the hearing, an ALJ issued a decision on November 27, 2017 finding that plaintiff was not disabled under the Act. Plaintiff filed a Request for Review of Hearing Decision/Order on January 2, 2018. Plaintiff submitted further evidence to the Appeals Council. The Appeals Council denied her request for review on May 23, 2018. In its denial, the Appeals Counsel ruled that the additional evidence Plaintiff submitted from the Hinton Healthcare Group dated February 19, 2018 and Manish Suther, M.D. dated January 22, 2018 did not relate to the period at issue, to wit: January 1, 2015 through the date of the ALJ's decision on November 27, 2017. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Decision of the ALJ

On November 27, 2017, 2017, the ALJ issued a decision finding that plaintiff was not disabled. At Step One, the ALJ found that plaintiff had not performed substantial gainful activity since January 1, 2015, her application date.

At Step Two, the ALJ found that plaintiff had the severe impairments of stable scoliosis without spondylolisthesis, sever bilateral foraminal stenosis L3-5, and mild central canal stenosis with probable minimal impingement of the L5 nerve root. However, the ALJ found plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ determined that plaintiff retained the residual functional capacity to perform "sedentary" work with the limitations. She requires a sit/stand option defined as allowing her to stand briefly every 15-20 minutes to stretch and move about but otherwise remain on task. She must be able to alternate between sitting and standing positions. She can never crawl or climb ladders, ropes, or scaffolds. She can occasionally balance, climb ramps and stairs, stoop, crouch, and kneel. She must avoid exposure to wetness, humidity, and extreme heat and cold.

At Step Four, the ALJ found that plaintiff had past relevant work as an office worker, and that this work did not require Plaintiff to perform work that was precluded by the ALJ's RFC finding. Therefore, the ALJ found Plaintiff was not under a disability. Step Five was not required.

## General Legal Principles

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings apply the relevant legal standards

to facts that are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009)*. "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002)*.

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires, 564 F.3d at 942*. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step process).

Steps One through Three require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe

impairment; and (3) his condition meets or equals a listed impairment. 20 C.F.R. §

404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or

its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step

Four requires the Commissioner to consider whether the claimant retains the RFC

to perform past relevant work (PRW). Id. § 404.1520(a)(4)(iv). The claimant bears

the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires,*

564 F.3d at 942. If the Commissioner determines the claimant cannot return to his

PRW, the burden shifts to the Commissioner at Step Five to show the claimant

retains the RFC to perform other work that exists in significant numbers in the

national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

### Discussion

Plaintiff argues that the Appeals Council committed error by failing to

consider the medical source statement from Dr. Suthar. The Appeals Council

stated that it did not consider the evidence from Dr. Suther because it was dated

January 22, 2018 and therefore it did not relate to the period at issue, *i.e.* it was

after the ALJ's decision of November 27, 2017. The Appeals Council must

consider additional evidence if it is new, material, and relates to a time period

before the ALJ's decision. *See* 20 C.F.R. § 404.970(b), 416.1470(b); see *Johnson*

*v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996); *Box v. Shalala*, 52 F.3d 168, 171

(8th Cir. 1995). To be material, new evidence must be non-cumulative, relevant,

and probative of a claimant's condition during the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination. *See Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993).

In his decision, the ALJ noted that another factor for him to consider was that none of Plaintiff's treating doctors offered an opinion that she was disabled or made any statement or recommendation that she was unable to work at a level of substantial gainful activity. Plaintiff therefore obtained Dr. Suther's opinion after the decision. While the Commissioner attempts to read into Dr. Suther's opinion a conscious refusal to determine a disability date, such a broad assumption carries no weight. Dr. Suther could have simply inadvertently missed the question. Without more in the record, it is impossible to conclusively determine whether Dr. Suther intentionally refused to place a date on the form.

Plaintiff has been under Dr. Suther's care since at least 2011. Dr. Suther's report sets out Plaintiff's impairments and makes determinations regarding what Plaintiff is capable of performing. The lack of a treating physician's opinion was a factor in the ALJ's decision finding Plaintiff was not disabled. With the opinion, the ALJ's decision may have reached a different conclusion. The additional evidence was new, material and related to the time period before the ALJ decision.

## Conclusion

This matter be remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four), consistent with the Opinion, Memorandum and Order. On remand, pursuant to 20 C.F.R. § 404.1527, the ALJ should evaluate the opinion of Manish Suther, M.D., and give good reasons for the weight accorded to this treating physician's opinion. The ALJ should then reconsider the RFC conclusion and determinations at steps four and five.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is Reversed and Remanded under 42 U.S.C. § 405(g)(sentence four).

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same dated.

Dated this 7<sup>th</sup>day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE